UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KAREN A. MESSECAR,

        Plaintiff,

v.

**DECISION AND ORDER**
12-CV-859(LJV)(JJM)

CAROLYN W. COLVIN, Acting
Commissioner of the Social
Security Administration,

        Defendant.

---

The plaintiff, Karen A. Messecar, seeks review, pursuant to 42 U.S.C. § 405(g), of the defendant's decision denying her disability insurance benefits under the Social Security Act. *See* Docket Item 1.

## **BACKGROUND**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Jeremiah J. McCarthy "for all proceedings necessary to a determination of the merits of the factual and legal issues presented by this action" and for a Report and Recommendation. *See* Docket Item 6. On November 23, 2015, I replaced Judge Arcara as the district judge assigned to this matter. *See* Docket Item 17.

On March 18, 2013, the plaintiff moved for judgment on the pleadings. *See* Docket Item 9. On June 17, 2013, the defendant filed her own motion for judgment on the pleadings. *See* Docket Item 11. And on September 1, 2015, Judge McCarthy issued a Report and Recommendation (Docket Item 14), recommending "that plaintiff's

motion for judgment on the pleadings be granted to the extent that this case be remanded to the Acting Commissioner for further proceedings consistent with this Report and Recommendation and that the Acting Commissioner's motion for judgment on the pleadings be denied."  Docket Item 14 at 23.

On September 15, 2015, the defendant timely filed objections to the Report and Recommendation, *see* Docket Item 16, requiring this Court to "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1).  The plaintiff did not submit any briefing or legal authorities in response to the defendant's objections.

This Court now has reviewed Judge McCarthy's Report and Recommendation, the underlying papers, and the administrative record.  Upon de novo review, this Court agrees with the disposition recommended by Judge McCarthy.

## DISCUSSION

**The ALJ's Error at Step Two of the Sequential Evaluation**

In Point 1 of the defendant's objections, the defendant argues that "the ALJ properly found Plaintiff's mental impairment to be not 'severe'" and that Judge McCarthy erred in his Report and Recommendation by "improperly shift[ing] the burden at step two."  Docket Item 16 at 2.  According to the defendant, Judge McCarthy improperly focused on the evidence supporting the plaintiff's position when "the standard is not whether there is substantial evidence supporting Plaintiff's view, but rather whether there is substantial evidence supporting the ALJ's decision."  *Id.* (citing *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013), and *Brault v. Soc. Sec. Admin., Com'r*, 683 F.3d 443, 448 (2d Cir. 2012)).  Although the defendant's citations

2

concerning the substantial evidence standard are well taken,[1] the defendant's arguments misinterpret Judge McCarthy's Report and Recommendation.

As Judge McCarthy noted, the record here "is replete with references to the fact that plaintiff suffers from depression." *See* Docket Item 14 at 16 (citing relevant pages of transcript). Indeed, the incident in which the plaintiff was rushed to the hospital after combining pain medication and alcohol "may constitute evidence of decompensation." *Id.* at 16-17. But the ALJ's decision failed to adequately discuss this evidence, and the ALJ's findings regarding the severity of the plaintiff's mental impairment were purely conclusory. As Judge McCarthy explained:

> Although [the ALJ] referred to the Paragraph B criteria in making his assessment at stage 2, he did so only in a cursory manner. Without discussion of any of the evidence in the record, [the ALJ] determined that plaintiff had no mental impairment which affected her activities of daily living. . . .
>
> Notwithstanding [the evidence in the] record, [the ALJ] determined, without providing any analysis, that plaintiff suffered only a mild limitation in social functioning, but no limitations in daily living or concentration and that there was no evidence of decompensation. In light of [the plaintiff's] documented history, [the ALJ's] finding that plaintiff's mental impairment presents *no* limitation upon her daily living activities is not supported by the record. Further, [the ALJ's] decision does not reflect that he considered the entirety of the scope of the evidence in the record when making his determination regarding the severity of plaintiff's mental impairment at stage 2 of the evaluation (or at any other stage). I cannot conclude that [the ALJ's] failure in this regard is harmless. Because he

---

[1] Even when applying the substantial evidence standard, however, courts still should consider the record as a whole. So insofar as Judge McCarthy took into account the evidence supporting the plaintiff's position, there was nothing inappropriate about that. *See Petrie v. Astrue*, 412 F. App'x 401, 403-04 (2d Cir. 2011) (Summary Order) ("We must 'consider the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'") (quoting *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir.1988)); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight.").

3

>found that plaintiff did not suffer from a *severe* mental impairment, he did not give any consideration to plaintiff's mental impairment in determining plaintiff's residual functional capacity. Based on the above, this case should be remanded to the Acting Commissioner for an adequate evaluation as to the severity of plaintiff's mental impairment.

Docket Item 14 at 15-17 (emphasis in original).

Judge McCarthy did not "improperly shift the burden," nor did he attempt to reweigh the evidence or usurp the ALJ's function. Rather, he correctly observed that the ALJ did not even address the reasons for the conclusion about the severity of the plaintiff's mental impairment. And he correctly concluded that the ALJ's failure to discuss the substantial evidence in the record while applying the Paragraph B criteria in conclusory fashion did not meet the regulations' requirements and therefore was legal error.[2]  *See* 20 C.F.R. § 404.1520a(e)(4) ("The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)."); *Buford v. Comm'r of Soc. Sec.*, No. 12-CV-5751 (KAM), 2015 WL 8042210, at *16 (E.D.N.Y. Dec. 3, 2015) ("ALJ's failure to justify his findings regarding the severity of the claimant's disability was improper application of the special technique and legal error that was cause for remand") (citing *Fait v. Astrue*, No. 10-CV-5407, 2012 WL 2449939, at *6 (E.D.N.Y. June 27, 2012)).

---

[2] Although "the 'substantial evidence' standard of review for the ALJ's factual findings is deferential, the standard of review for his legal conclusions is not." *Yu v. Astrue*, 963 F. Supp. 2d 201, 213 (E.D.N.Y. 2013). "Where an error of law has been made that might have affected the disposition of the case, this court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Id.* (quoting *Townley v. Heckler,* 748 F.2d 109, 112 (2d Cir.1984)).

Stated another way, when the record "is replete with references to the fact that plaintiff suffers from depression," the ALJ must at least address that diagnosis, with citations to the evidence in the record, to support a finding that the mental impairment imposes "no limitation" on her activities of daily living.[3] That does not "improperly shift the burden"; rather, it is analogous to the requirement that an ALJ provide "good reasons" for not giving controlling weight to a treating physician's opinion. *See, e.g., Richardson v. Barnhart*, 443 F. Supp. 2d 411, 417-18, 424 (W.D.N.Y. 2006) (failing to give weight to opinions of plaintiff's examining physicians "with almost no explanation" was "legal error"). And so the defendant's attempt to locate evidence in the record that might support the ALJ's decision, without regard to whether the ALJ himself discussed that evidence, *see, e.g.,* Docket Item 16 at 3-4,[4] cannot and does not remedy that error.

---

[3] In some cases, of course, there may be little or no evidence to discuss. As one court noted, a plaintiff's argument that an "ALJ's finding that the evidence does not establish the presence of the [mental impairment] criteria . . . touches upon the inherent difficulty in proving a negative." *Williams v. Comm'r, Soc. Sec. Admin.*, No. CV 07-125-E-LMB, 2008 WL 3092246, at *7 (D. Idaho Aug. 5, 2008) (internal alteration and quotation marks omitted). But here, there was substantial evidence in the record concerning the plaintiff's depression, so the ALJ should have "provide[d] a description of Plaintiff, which is supported by substantial evidence in the record and supports the conclusion that [she] cannot meet the . . . criteria specific to Affective Disorders." *Id.*; *cf. Lewis v. Colvin*, 122 F. Supp. 3d 1, 6 (N.D.N.Y. 2015) (ALJ findings concerning the paragraph B criteria were supported "with a brief narrative discussion and . . . citations to various pieces of record evidence").

[4] Among other pieces of evidence, the defendant relies on the opinion of Dr. Ferrin, a state agency psychological consultant, who merely reviewed the file and is not mentioned in the ALJ's decision. Even assuming that Dr. Ferrin's opinion supports the ALJ's decision *and* that the ALJ relied on it, remand still would be appropriate for the reasons discussed above as well as because the failure to "explain the weight given to the reports and opinions of State agency consultants . . . is legal error." *Smith v. Colvin*, 17 F. Supp. 3d 260, 269 (W.D.N.Y. 2014); *see also Gumaer v. Colvin*, No. 3:12-CV-1430 GTS, 2014 WL 701770, at *3 (N.D.N.Y. Feb. 24, 2014) ("Unless there is a treating source opinion, which is given controlling weight, an ALJ's failure to explain the weight given to the opinion of a State agency medical consultant is legal error.").

The defendant also contends that any error in this regard "would be harmless because the ALJ did identify a severe impairment"—specifically, lumbar spine dysfunction—"such that Plaintiff's claim proceeded through the sequential evaluation process." Docket Item 16 at 5. But when determining the plaintiff's residual functional capacity, the ALJ was required to consider *all* the plaintiff's impairments and their resulting limitations, including impairments found not to be severe. *See* 20 C.F.R. § 416.945(a)(2) & (e); *Snyder v. Colvin*, No. 5:13-CV-585 GLS/ESH, 2014 WL 3107962, at *6 (N.D.N.Y. July 8, 2014). In this case, as Judge McCarthy concluded, "[b]ecause [the ALJ] found that plaintiff did not suffer from a *severe* mental impairment, he did not give any consideration to plaintiff's mental impairment in determining plaintiff's residual functional capacity." Docket Item 14 at 17. For the same reason, I cannot conclude that the error was harmless. *See Kohler v. Astrue,* 546 F.3d 260, 268 (2d Cir. 2008) (where ALJ failed to adequately evaluate severity of mental impairments, it was "not clear whether the ALJ would have arrived at the same conclusion regarding [the plaintiff's] residual functional capacity"); *Emerson v. Comm'r of Soc. Sec.*, No. 12 CIV. 6451 PAC SN, 2014 WL 1265918, at *14 (S.D.N.Y. Mar. 27, 2014).

**Application of Treating Physician Rule to Denial of Review by Appeals Council**

The defendant also raises a complex issue that the Second Circuit explicitly declined to address in November 2015, shortly after the filing of the defendant's objections. More specifically, after the ALJ issued his decision, the plaintiff submitted additional evidence to the Appeals Council, including reports from Dr. James Mathews, a treating physician. *See* Tr. at 296-98. According to those reports, the plaintiff could not stand or walk for more than two hours a day or sit for more than six hours a day;

moreover, Dr. Mathews opined that the plaintiff would need to lie down or recline for an hour during an eight-hour work day.  *Id.* at 296.  Dr. Mathews also indicated that the plaintiff had a 75% impairment.  *Id.* at 298.  But the Appeals Council, "[a]fter considering the additional information, . . . found no reason . . . to review the Administrative Law Judge's decision" and—without explanation—"denied [the plaintiff's] request for review."  *See id.* at 1; *see also id.* at 2 (listing documents that had been submitted and concluding "that this information does not provide a basis for changing the Administrative Law Judge's decision.").

In his Report and Recommendation, Judge McCarthy recommended remanding also because the Appeals Council failed to "articulate *any* basis as to why the treating physician rule would not apply or why the limitations set by Dr. Mathews should not be given controlling weight."  Docket Item 14 at 23 (emphasis in original).  In support, of that recommendation, Judge McCarthy cited case law holding that the treating physician rule applies to the Appeals Council.  *See id.* at 22 (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999), and *Camarata v. Colvin*, No. 6:14-CV-00578 MAD, 2015 WL 4598811 (N.D.N.Y. July 29, 2015)).  According to those authorities, "[w]hen new materials are submitted from treating physicians, the Appeals Council is obligated to provide an explanation for its decision not to afford controlling weight to an assessment apparently provided by Plaintiff's treating physician."  *Kneppie-Hodyno v. Astrue*, No. 11-CV-443 DLI, 2012 WL 3930442, at *9 (E.D.N.Y. Sept. 10, 2012) (internal quotation marks and alteration omitted).

The defendant argues that Judge McCarthy erred because he failed to differentiate between when the Appeals Council vacates an ALJ's decision and issues

its own decision, and when—as in this case—the Appeals Council merely denies a request for review.  *See* Docket Item 16 at 8.  The latter situation—the defendant argues—is "analogous to denial of certiorari," and the Appeals Council is not required to give an elaborate explanation for such a decision.  *Id.* at 9 (citing *Pollard v. Halter*, 377 F.3d 183, 192 (2d. Cir. 2004)).  Moreover, 42 U.S.C. § 405(g) authorizes judicial review of a "final decision of the Commissioner of Social Security," and Second Circuit case law is abundantly clear that when "the Appeals Council denies review, the ALJ's decision becomes the [Commissioner's] final decision." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996).

The defendant's argument makes sense.  On the other hand, Second Circuit case law also holds that the "new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review."  *Id.* at 45.  In other words, this Court must evaluate the ALJ's decision as though the evidence from the treating physician had been in the record, even though it was not and even though the ALJ did not have an opportunity to provide "good reasons" for not giving it controlling weight.  Is the Appeals Council therefore obliged to give "good reasons" for not giving a treating physician's opinion controlling weight, even when denying review?  Several district courts in the Second Circuit seem to have answered "yes,"[5] but in

---

[5] *See, e.g., James v. Comm'r of Soc. Sec.*, No. 06-CV-6108 DLI/VVP, 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009); *Farina v. Barnhart*, No. 04–CV–1299 (JG), 2005 WL 91308, at *5 (E.D.N.Y. Jan.18, 2005) (remanding for further proceedings where the Appeals Council failed to acknowledge receipt of new evidence from claimant's treating physician and failed to "provide the type of explanation required under the treating physician rule" when denying review); *Lebow v. Astrue*, No. 13-CV-5895 ER FM, 2015 WL 1408865, at *5 (S.D.N.Y. Mar. 9, 2015), *report and recommendation adopted,* No. 13-CV-5895 ER, 2015 WL 1439270 (S.D.N.Y. Mar. 30,

*Lesterhuis v. Colvin*, 805 F.3d 83 (2d Cir. 2015), the Second Circuit expressly declined to rule on the issue:

> Additionally, because we hold that the ALJ's decision was not supported by substantial evidence, we need not consider Lesterhuis's alternative argument that the Appeals Council has an independent obligation to provide "good reasons" before declining to give weight to the new, material opinion of a treating physician submitted only to the Appeals Council and not to the ALJ. *See* 20 C.F.R. § 404.1527(c)(2).

805 F.3d at 89.

Because remand is appropriate for other reasons in this case, I also do not reach this issue. On remand, the ALJ must consider the new evidence from Dr. Mathews in light of the treating physician rule. *See Ennis v. Colvin*, No. 14-CV-6587P, 2016 WL 284550, at *3 (W.D.N.Y. Jan. 25, 2016) ("On remand, the ALJ must consider [treating physician]'s opinion and determine whether it should be given controlling weight and whether Ennis is ultimately entitled to benefits; if the ALJ determines that the opinion is not entitled to controlling weight, the ALJ must explain the reasons for discounting or rejecting the opinion."); *Ryder v. Colvin*, No. 1:15-CV-00241 (MAT), 2015 WL 9077628, at *5 (W.D.N.Y. Dec. 16, 2015) ("Accordingly, the case is remanded for reconsideration of the entire administrative record, which should include the new evidence [from treating nurse practitioner] submitted to the Appeals Counsel.")

**The Defendant's Remaining Objections**

Upon de novo review, I also find the defendant's remaining objections to be without merit. Unlike the defendant, I do not read Judge McCarthy's Report and

---

2015); *see also Rayburn v. Colvin*, No. 6:14-CV-06500 (MAT), 2015 WL 8482780, at *3 (W.D.N.Y. Dec. 9, 2015).

Recommendation as requiring the vocational expert to provide "specific numbers of jobs." Docket Item 16 at 6. Judge McCarthy simply found that there was "no evidence in the record as to how many ticket taker or survey workers jobs which allow for the sit/stand option exist" – i.e., there was no evidence showing that such positions were available to the plaintiff. *See* Docket Item 14 at 18. Especially because remand is required for other reasons, I agree with Judge McCarthy that the defendant should "revisit the question of whether plaintiff can perform jobs which exist in the economy considering her need to have the sit/stand option." *Id.* at 19.

Finally, I also find that the plaintiff is "entitled to a [more] detailed explanation of the ALJ's reasons for discounting her hearing testimony," Docket Item 14 at 21 (alteration added, quoting *Higgins v. Colvin*, No. 5:12-CV-1379 LEK, 2014 WL 4060011, at *13 (N.D.N.Y. Aug. 14, 2014). An ALJ cannot find a plaintiff's "statements not fully credible [simply] because those statements are inconsistent with the ALJ's own . . . finding." *White v. Colvin*, No. 6:13-CV-0084 GTS, 2014 WL 1311993, at *8 (N.D.N.Y. Mar. 31, 2014) (quoting *Ubiles v. Astrue,* No. 11–CV–6340, 2012 WL 2572772, at * 12 (W.D.N.Y. July 2, 2012)).

## **CONCLUSION**

For the reasons set forth above and in Judge McCarthy's Report and Recommendation, dated September 1, 2015, this Court adopts the Report and Recommendation (Docket Item 14), with the exception of the discussion of the treating physician rule on pages 21 to 23. Accordingly, the plaintiff's motion for judgment on the pleadings (Docket Item 9) is GRANTED to the extent that this case is remanded to the Acting Commissioner for further proceedings consistent with this decision and the

adopted portions of the Report and Recommendation, and the Acting Commissioner's motion for judgment on the pleadings (Docket Item 11) is DENIED. The Clerk of Court shall take all steps necessary to close the case.

    IT IS SO ORDERED.

Dated:    November 7, 2016
             Buffalo, New York

                                        *s/Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE